RODGERS *v.* LAMB'S ESTATE.

137   241
140   668
137   241
148  ¹350
137   241
153  ³210

1. LIMITATION OF ACTIONS—ESTATES OF DECEDENTS—WORK AND LABOR.

A claim against an estate for work and labor for a period of ten years, terminating more that six years before the death of the deceased, and not shown to be a mutual, open account, is barred by the statute of limitations.

2. SAME—SUBSEQUENT PROMISE.

A promise by an employer, after the termination of the service, to convey land at her death in payment of the services, does not interrupt the running of the statute of limitations on the claim for labor.

3. STATUTE OF FRAUDS—ORAL AGREEMENT TO CONVEY LAND.

A verbal agreement to convey lands in payment for services previously rendered is invalid under the statute of frauds, and void for all purposes.

Error to Gratiot; Stone, J. Submitted April 12, 1904. (Docket No. 38.) Decided July 16, 1904.

C. Arthur Rodgers presented a claim against the estate of Caroline R. Lamb, deceased, for services rendered. The claim was allowed in part by the commissioners, and defendant appealed to the circuit court. There was judgment for defendant on a verdict directed by the court, and claimant brings error. Affirmed.

*A. G. Shepard* and *Searl & Monfort*, for appellant.

*O. G. Tuttle, Lewis Severance*, and *W. A. Norton*, for appellee.

MONTGOMERY, J. Caroline Lamb died intestate March 24, 1901, leaving an estate consisting of 220 acres of land, which she had occupied with her husband for some years. Claimant is a nephew of deceased, and went to live with her in 1885, when he was 15 years old. During his minor-

ity he was clothed and schooled by deceased and her husband, working on the farm during the summer months and whenever he was not in school. After he was 21 he attended school a few months, but, with this exception, continued to work on the farm as theretofore until the summer of 1894, when he went to Missouri, where he worked several months; returning to decedent's farm in April, 1895. He remained at the farm during the summer of 1895, was married in the fall, and brought his wife to the farm, where she was paid $1 per week for her services. In March, 1896, claimant and his wife left, and engaged in the laundry business. They returned for a visit in 1899, and remained there four months; the claimant working on the farm as usual. At the end of this period they again left to engage in the laundry business.

On the last day for filing claims before commissioners, the claimant filed a claim "for work and labor performed for Caroline Lamb, deceased, from April 1, 1885, to the first day of March, 1895, $2,200." After an adjournment of the hearing until a later date, the claimant, without any order of court, presented a claim for services in 1899 of $80. Again, on the trial of the appeal in the circuit, claimant asked leave to amend his first claim so as to extend it to April, 1896. This amendment was refused by the circuit judge on the ground that it would enlarge the claim made before the commissioners to include a period of later service. No error is assigned upon this ruling, and we are unable to see any impropriety in it if it were challenged.

On the hearing before commissioners the claim for services in 1899 was wholly disallowed, and claimant took no appeal from this action. It will be seen, therefore, that the only claim that the circuit court had to pass upon is that described in the original claim, i. e., for services between 1885 and March 1, 1895. The circuit judge directed a verdict for the estate, mainly on the ground that no contract, express or implied, to pay for the services charged for, had been shown. The counsel for the estate also,

made the point in the court below that the claim was barred by the statute of limitations.

The case made by claimant was certainly not very convincing. The testimony resembles very closely in its character that discussed in *Decker* v. *Kanous' Estate*, 129 Mich. 147 (88 N. W. 398). There was no proof of a direct promise to pay, except as hereinafter referred to. There was testimony that the deceased frequently expressed an intention of doing something for complainant, but never in his presence, except as hereafter stated. These expressions of Mrs. Lamb were all quite as consistent with the purpose of preferring complainant over other heirs, as with the idea that any legal liability rested upon her. Complainant's wife did, however, testify that, after claimant and herself were married, claimant "wanted to buy this eighty. She [referring to decedent] said: 'No; you can't have it now, but you must have it when I am done with it, for your work.' " Later in the case witness was recalled, and testified as follows:

"*Q.* Mrs. Rodgers, you testified about hearing a conversation between yourself and your husband and Mrs. Lamb, wherein Mrs. Lamb told your husband, in substance, if I remember correctly, that she intended to deed this north eighty acres of land of the farm to him to pay for his work?

"*A.* Yes, sir.

"*Q.* When was that conversation?

"*A.* It was a little while before we left there, in March.

"*Q.* Of 1890?

"*A.* 1896 it would be. We came there in November, 1895, and left in 1896.

"*Q.* Do you know, of your own knowledge, after that conversation took place, whether Mr. Rodgers did do some work for Mrs. Lamb?

"*A.* Yes, sir; he kept right on working up until the time we left.

"*Q.* What reply did your husband make to her?

"*A.* He said, 'All right.'"

Passing by the discrepancy between these statements, there may be enough in the latter to indicate an admission

on the part of decedent of an obligation to pay. But if we assume that there was a scintilla of evidence to carry the case to the jury, we see no escape from holding that the claim is barred by the statute of limitations. There was no evidence of a mutual, open account. *In re Hiscock's Estate,* 79 Mich. 537 (44 N. W. 947).

The account of claimant was not for continuous services, as there was an interruption in 1895, and again in 1896. It is contended, however, that where services are rendered, with an agreement to compensate them out of the employer's estate, the statute of limitations will not begin to run until the death of the employer. This is clearly so, and is no more than saying that a demand may not be sued upon until due, but this does not aid the claimant in the present case. When the conversation above detailed occurred, the services had been fully performed; and, if they were rendered upon a mutual understanding that they were to be paid for, the claimant was then entitled to bring suit to recover for them. The proposition which Mrs. Lamb then made, according to the revised testimony of Mrs. Rodgers, was to *deed* the north 80 to him. This is the one proposition to which he assented, so far as the testimony shows, and this did not constitute an agreement to postpone his claim until her death, nor for any definite time. More than this, it was a contract not valid under the statute of frauds, and void for all purposes. *Scott* v. *Bush,* 26 Mich. 418 (12 Am. Rep. 311).

Judgment will be affirmed, with costs.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., did not sit.