*In re* McNAMARA'S ESTATE.

McNAMARA *v.* MICHIGAN TRUST CO.

1. EXECUTORS AND ADMINISTRATORS—SPECIAL ADMINISTRATOR—RIGHT TO APPEAL.
   A special administrator has a right to appeal from the allowance of a claim against the estate without special authority from the probate court.

2. SAME—CLAIMS AGAINST ESTATE—CONTRACT FOR SERVICES—CONSTRUCTION—QUESTION FOR JURY.
   A claim against the estate of a deceased person for services, based on an alleged oral contract, the testimony in support of which was all oral, stated that deceased agreed to pay claimant "well and liberally for all her services out of her estate at the time of her death, and that such allowance payment would be sufficient to keep claimant well during the balance of her life." *Held*, that whether the agreement to pay ": well and liberally" was qualified by the statement that the amount would be sufficient to keep claimant well during the balance of her life, was a question for the jury.

3. LIMITATION OF ACTIONS—SERVICES—CONTRACT FOR LIFE.
   Where services are performed under a contract to pay therefor out of the promisor's estate, limitations do not begin to run against the claim until the promisor's death.

4. Wills—Contract to Bequeath—Conveyance Before Death —Part Performance.

Where services are performed under a contract to pay therefor out of the promisor's estate, a conveyance of property by the promisor to the promisee, upon nominal consideration, shortly before the promisor's death, is prima facie payment pro tanto.

5. Work and Labor—Amount Recoverable.

Where claimant gave up the profession of school teaching to become the companion of her distant kinswoman, upon a promise to be paid well and liberally from her estate, and lived with her 18 years, the last five of which she was nurse as well as companion, an award by a jury of $25 a week for the whole period, in addition to property worth $5,000 conveyed before death, is excessive.

Error to Kent; Perkins, J. Submitted January 11, 1907. (Docket No. 28.) Decided May 18, 1907.

Mary McNamara presented a claim against the estate of Mary McNamara, deceased, for services rendered. The claim was allowed in part by the commissioners, and claimant appealed to the circuit court. There was judgment for claimant, and the Michigan Trust Company, special administrator, brings error. Reversed.

*Thomas P. Bradfield* (*Francis A. Stace* and *Knappen, Kleinhans & Knappen*, of counsel), for appellant.

*Dwight D. Root* and *W. H. Eastman*, for appellee.

Montgomery, J. Claimant presented a claim against the estate of Mary McNamara, deceased, for services extending over the period intervening June, 1885, and February, 1904, under an alleged promise of compensation which the claim presented states in the following terms:

"If claimant would remain and care for and look after her [deceased] and personally care for her, attend the household duties and the other business matters of deceased, she, the said deceased, would pay the claimant well and liberally for all her services out of her estate at the time of her death, and that such allowance payment

would be sufficient to keep claimant well during the balance of her life."

The commissioners on claims allowed the claim at $13,500, with a proviso that all provisions made by deceased for claimant, either by will or conveyance or otherwise, be deducted. From this allowance claimant appealed to the circuit court. On a trial before the court with a jury the claimant recovered a verdict for $26,399.06. The contestant brings error.

Claimant has interposed a motion to dismiss the writ of error on the ground that a special administrator has no authority to appeal from a judgment of this nature without special authority from the probate court. The motion cannot prevail. It is the duty of the special administrator under his general appointment to conserve the estate, and this he cannot do effectually unless he is authorized to defend against unconscionable claims.

In *Lothrop* v. *Conely*, 39 Mich. 757, it was held that an appeal from the appointment of a general administrator did not suspend the authority of commissioners on claims previously appointed. It was said:

"If there were no one to represent the estate before them, there might be a temporary suspension of action by them in the actual hearing and disposal of claims, because the estate is interested in such disposal; but a special administrator has for that purpose the same duty as a general administrator, and is bound to attend to the interests of the estate."

If the special administrator has the duty to defend against the claim, he certainly has the right to follow the case to the circuit and obtain a review if desired. The other questions of practice so far as they have merit are met by an amended return of the circuit judge embodied in an amended record.

The contestant has discussed in its brief the errors relied upon under 16 heads. It is possible to eliminate some of these questions by a reference to the claims of the respective parties and the action of the jury. The claimant

demanded (and so far as the voice of the jury controls) recovered very large compensation in addition to her board and clothing during her 18 years with decedent, under a claim that she had rendered services to her during all these years under an agreement to be well and liberally paid out of her estate.

The contestant claims, *first,* that under the claim as presented claimant was in any event limited to a recovery of such sum as "would be sufficient to keep her well during the balance of her life," and that, as corollary to this, the claimant was not entitled to recover on the quantum meruit; *second,* that if entitled to recover under the quantum meruit claimant was limited to six years preceding the death of decedent; *third,* that, whatever the basis of compensation be, the claimant should be charged with the value of two houses and a lot deeded to her by decedent; *fourth,* that the verdict was grossly excessive; *fifth,* that the court erred in the instructions to the jury. A decision of the questions stated will sufficiently indicate the theory upon which a new trial may proceed if one is found necessary.

1. The first contention of contestant rests upon the postulate that the words above quoted from the claim filed by claimant in the probate court are a limitation on what precedes these words in the statement, i. e., that the agreement to pay claimant "well and liberally for all her services" was qualified by the additional statement that such payment would be sufficient to keep her during the balance of her life. We think the circuit judge rightly interpreted this pleading; and, the evidence of the contract being wholly oral, it was properly left to the jury to determine whether such contract was for full compensation in any event, together with a further assurance that such compensation would be sufficient in amount for claimant's future support or whether it was intended that claimant was to be limited to a sum adequate for such support, although her services may have been worth more.

2. If the special contract was found by the jury to be a contract for full compensation out of decedent's estate, it would follow that the actual value of such services was the measure, and that evidence of value was admissible. It also would follow from such finding by the jury that, as the demand was not due until the death of the employer, the statute of limitations would not commence to run until such decease. *Rodgers* v. *Lamb's Estate*, 137 Mich. 244.

3. The third and fifth of contestant's contentions may be considered together. A few months prior to her death decedent made a deed of the Sheldon street property, so-called, to claimant; and deposited the same in escrow to be delivered after her death. The consideration named was $1 and other good and valuable considerations. The actual value of the property is shown by the testimony at from $4,700 to $7,000. The claimant accepted, and is in possession of the property, receiving rents. The contestant claimed on the trial, and insists here, that the value of this property should be charged against the claimant. The circuit judge charged the jury as follows:

"Ordinarily, when a debtor conveys property to a creditor and there is nothing in the transaction to show the contrary, there is a presumption of law arising that the conveyance is intended as payment, and not as a gift. But this is not a conclusive presumption. It may be overcome by the facts and circumstances of the case.

"The burden of proof as to the payment rested on the contestant here, the representative of the estate of Mary McNamara. The burden rests upon it to show by a fair preponderance of evidence that a payment was intended.

"If you are satisfied by a fair preponderance of the evidence that this conveyance was given with the understanding that it should be received as part payment for services rendered, you will deduct the value of the property at the time that the claimant took possession of it from the amount you may ascertain the claimant's services to have been worth should you find for the claimant, and the balance will represent the amount of your verdict."

This instruction does not correctly state the law as applied to the facts of this case. The contract alleged and proved was a contract to compensate claimant for her services out of the estate of decedent. By the conveyance in question to become operative at the death of decedent a portion of her estate was set apart to claimant. It was a transfer in kind, and prima facie payment pro tanto. *Breton* v. *Cope*, 1 Peake N. P. 43; *Stewart's Estate*, 15 Pa. Co. Ct. R. 380; *Kelly* v. *Kelly's Ex'rs*, 6 Rand. (Va.) 176. The error in casting the burden upon the contestant was of vital importance, as there was but the barest scintilla of evidence to overcome this presumption, consisting of an alleged statement of decedent that she had made no payments, while the presumption was supported by testimony of decedent's declaration in claimant's presence at the time the deed was executed.

As the case must be reversed on this ground, it is not necessary to discuss at great length the contestant's fourth proposition. We deem it proper to say, however, that the court should not hesitate to intervene when it is manifest that a jury under the guise of allowing a claim undertakes to distribute an estate in accordance with their ideas of justice. Here we have a claimant who gave up the profession of teaching to become a companion of her distant kinswoman. She lived with her some 18 years, having her support in the meantime. During the last five or six years she was nurse as well as companion. No one will question that she should have been liberally compensated, but when it is attempted to give her $25 a week for this whole period, in addition to $5,000 in property already provided, it is quite obvious that the result has been reached by other considerations than that of awarding compensation.

The judgment is reversed, and a new trial ordered.

McAlvay, C. J., and Grant, Blair, and Ostrander, JJ., concurred.