MICHIGAN TRUST CO. v. McNAMARA.

1. Interpleader — Pleading — Sufficiency of Bill of Complaint.
   On demurrer to the jurisdiction of equity, a bill of complaint sufficiently avers facts that warrant a judgment of interpleader, by showing that complainant is administrator of an estate against which one of the defendants had recovered a judgment, that several attorneys who were successively employed by defendant claim liens on the judgment and on funds in complainant's hands, that said administrator is in doubt as to the priority of said liens, and, having no interest in the fund, is willing to pay the same to the persons entitled to it, that one suit is pending relative to the rights of certain defendants and that other litigation concerning the fund is likely to be instituted.

2. Same—Words and Phrases.
   A bill of interpleader is intended to protect persons from whom several claimants demand the same thing, debt, or duty, and who have incurred no independent liability to any of them.

Appeal from Kent; McDonald, J. Submitted January 10, 1911. (Docket No. 61.) Decided March 31, 1911.

Bill by the Michigan Trust Company, as administrator of the estate of Mary McNamara, deceased, against Mary McNamara and numerous other defendants, praying that defendants may be required to interplead. From an order overruling a demurrer of defendant Mary McNamara, she appeals. Affirmed.

*Thomas P. Bradfield* (*Kleinhans & Knappen,* of counsel), for complainant.

*A. A. & H. A. Ellis,* for defendant McNamara.

Moore, J. This case is an appeal by Mary McNamara, one of the defendants, from an order overruling her general demurrer to a bill of interpleader, so-called, filed by

the complainant the Michigan Trust Company, adminis-
trator of the estate of Mary NcNamara, deceased.    A
reference to the cases of *McNamara* v. *Michigan Trust
Co.*, 148 Mich. 346 (111 N. W. 1066), and *Id.*, 155 Mich.
585 (119 N. W. 1074), will aid in understanding the sit-
uation.

The bill avers defendant recovered a judgment against
the estate of Mary McNamara for $11,217, and that the
Michigan Trust Company now seeks to pay into court the
amount due on this judgment; that in the course of this
litigation against the estate of Mary McNamara she has
employed attorneys, some of whom claim she has not paid
them for their services, and have filed notices of lien in
the circuit court and with the Michigan Trust Company,
the complainant, notifying the trust company not to pay
the money due on this judgment to the defendant Mary
McNamara.    The bill sets out an attempt to pay the judg-
ment; that the appellant refused to receive the money due
on the judgment, although the administrator has ever
since that time and until notices of other liens than that
of McKnight and McAllister been ready and willing to
pay the judgment and interest at the legal rate, subject
only to its statutory right to offset the costs taxed against
the defendant Mary McNamara.

The bill of complaint sets up in full the amount of the
costs taxed against the defendant Mary McNamara, as
shown by the records of the Supreme Court and the records
of the Kent circuit court.    The bill further sets out that
the administrator has never since the 21st day of July,
1908, when the letter was written to the defendant Mary
McNamara, claimed any right, title, or interest in or to
the amount of the judgment, excepting its right to set off
the costs taxed against the defendant, and that the admin-
istrator does not know and cannot ascertain the rights of
the different defendants under the judgment and notices
of liens set up in the bill, and cannot without danger and
hazard to itself undertake to decide between the defendant
Mary McNamara and the other defendants; that on

account of the suit in aid of execution by McKnight and McAllister, the administrator has already been put to considerable expense and involved in litigation on account of the conflicting claims of the defendants; that it fears it will become further involved in other litigation and suffer other expense, and be put to further and other costs, trouble, and expense on account of these conflicting claims. The bill denies collusion, and sets up the fact that the suit is commenced by the administrator of its own accord, with the consent of the probate court of the county of Kent, for the sole purpose of paying the amount due upon the judgment into court, and the administrator offers and proffers and asks leave to pay the amount due upon said judgment into court, and asks that the conflicting claimants be required to settle their respective claims among themselves, so that the administrator may not be compelled to suffer unnecessary loss or expense, or pay the judgment more than once.

All of the defendants excepting the defendant Mary McNamara have answered the bill of complaint. The answers all tend to show a disagreement or contest, more or less violent, between the defendant Mary McNamara and the other defendants, and in some cases a contest between the attorney defendants as to the priority of their alleged liens. The defendant Mary McNamara filed a general demurrer, containing 25 reasons why the bill should be dismissed, the important one of which is the first:

"*First*. The defendant Mary McNamara demurs because the circuit court for the county of Kent in chancery has no jurisdiction of the fund, which the demurrant claims is under the exclusive jurisdiction of the probate court, thus giving the administrator an adequate remedy at law."

The demurrer came on to be heard before the circuit judge, and, with the files of the case and the records of his court before him, Judge McDonald, after hearing the arguments and considering the briefs submitted, overruled

the demurrer, giving the demurrant leave to answer upon the usual terms.

The case is argued at length in the briefs, and was argued fully orally. We think the trouble with the contention of the appellant is that it is based upon the assumption that the claims of the various persons who have notified the complainant not to pay over the fund are claims against the estate of Mary McNamara, deceased, when, in fact, they are claims against the living Mary McNamara, who has obtained a judgment through the agency of the various courts against the estate of Mary McNamara, deceased, the amount of which judgment is in the hands of the complainant ready to be paid over to defendant Mary McNamara, if her creditors had not laid claim thereto. The theory of the bill is that complainant is in doubt as to who is entitled to the money, and wants that doubt solved so that the money can be paid over safely by her. In 1 Words and Phrases, p. 779, the following occurs:

"A bill in the nature of an interpleader is one in which the complainant asks some relief over and above a mere injunction against suits by the contesting parties, and states facts which entitle him to such relief independent of the fact of the adverse claims of the several defendants. *Van Winkle* v. *Owen*, 54 N. J. Eq. 253 (34 Atl. 400, 401)."

At page 789 of the same volume occurs the following:

"A bill of interpleader is a bill filed for the protection of a person from whom several persons claim, legally or equitably, the same thing, debt, or duty, but who has incurred no independent liability to any of them, and does not himself claim an interest in the matter. The equity is that the conflicting claimants should litigate the matter amongst themselves without involving the stakeholder in their dispute. *McDonald* v. *Allen*, 37 Wis. 108, 111 (19 Am. Rep. 754) [citing Adams, Eq. 202]. * * * A bill of interpleader is a bill filed for the protection of a person from whom several persons claim, either legally or equitably, the same thing, debt, or duty, but who has incurred no independent liability to any one of them, and does

not himself claim an interest in the matter. The object and effect of the bill is to compel such claimants to litigate the question among themselves, so that it may be determined which one of them complainant is under obligation to. The bill will not lie where the complainant has incurred any independent liability by means of an express agreement with any one of the defendants. *Sprague* v. *Soule*, 35 Mich. 35."

In *School District* v. *Weston*, 31 Mich. 85, which was a bill in the nature of an interpleader, there is a very full discussion of the subject of bills in the nature of interpleader. Justice Christiancy, speaking for the court, used the following language, which we think is germane to the instant case:

"The district, since the money became due, has always been ready and willing to pay, whenever it can be ascertained, in this labyrinth of counterclaims, to whom it ought or can safely pay. The contest is one purely between the respective claimants of portions of this fund, no one claiming the whole fund, but some claiming their entire debts without abatement, others their *pro rata*, according to arrangement between Potter and the district. Under the circumstances, the district says by this bill:

"'While we are ready and anxious to pay over this money to the parties really entitled, it is impossible for us to ascertain who these parties are. We are mere naked trustees, without interest— mere stakeholders. We have no objection to your litigating or settling your respective claims to this fund between yourselves. We are ready and anxious to comply with such judicial determination, or such settlement, and to pay over the fund accordingly. But we object to being forced, not only to participate in the battle between you, and its risks and embarrassments, but especially to occupying a position between your respective lines, where your thrusts of each can only reach the other through us. This is your own battle, not ours. We ask to be permitted to step aside, and allow you to aim your blows directly at each other, and take upon yourselves all the risk and responsibilities incident to the contest. We ask to be allowed to place the fund which you are all endeavoring to reach, in the hands and custody of the court, who may regulate and direct the contest between you in such manner as shall be found best to secure your respective rights, allowing us to retire from the contest with our costs of this litigation to come out of the fund, which

we have till this time held in good faith, for the benefit of the parties who may be found entitled to it, or any portion of it.'

"This, under the circumstances of this case, would seem to be but a reasonable request on the part of this school district; and if no method had yet been invented or recognized by courts of equity, by which the district could be allowed to retire from the contest in which it has no interest, and by placing the funds in the hands of the court, where the contest may be carried on by the parties really interested, and their rights determined, without holding the complainant liable to this multiplicity of suits, and the risks and embarrassments of protracted litigation, we should have to admit a degree of infirmity in courts of equity, a want of adaptation in the remedies they have contrived to meet the exigencies of business and the adjustment of rights, which would be far from creditable."

The demurrer, of course, admits the truth of the averments of the bill. Treating these averments as true, we think they establish a case for a bill in the nature of interpleader. See Maclennan on Interpleader, p. 341.

The decree is affirmed, with costs.

MCALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.