### MCNAMARA v. KENT CIRCUIT JUDGE.

1. APPEAL AND ERROR—SETTLEMENT OF RECORD—EXTENSION OF TIME.

   Where relator's bill came on to be heard on an answer of one defendant containing a plea in abatement, and a demurrer of another, and was dismissed because complainant's testimony showed that she was not entitled to any relief in equity, and for other legal objections based on the averments of the bill, she could not dismiss the suit as to the demurring defendant, more than ninety days after the order was entered, without his consent; nor was she entitled to have a record of the testimony settled as to the other defendant where no extension of time was secured, although notice of settlement was served before the expiration of the statutory period, the return of the circuit court showing that the record was not presented to him for settlement because complainant's counsel conceded that he would have to procure an extension of the time.

2. MANDAMUS—ANSWER—CONCLUSIVENESS.

   The relator in mandamus may not question the correctness of statements contained in the respondent's return in a proceeding heard on petition and answer.

Mandamus by Mary McNamara against John S. McDonald, judge of the circuit court for the county of Kent, to compel respondent to settle a record of the testimony taken in a suit in which relator was complainant and

James McNamara and others were defendants. Submitted January 7, 1913. (Calendar No. 25,374.) Writ denied February 18, 1913.

*Mary McNamara, in pro. per.*

*Thos. P. Bradfield,* for respondent.

Steere, C. J. This case is presented on the hearing of an order to show cause why this court should not award a mandamus to compel the Kent county circuit judge to sign a "proposed bill of exceptions," or case for settlement on appeal, and the amendments thereto, tendered to him in a chancery suit theretofore heard between said Mary McNamara, as complainant, and James McNamara, Margaret McNamara, and Francis W. Balcomb, defendants.

In said chancery suit defendant Margaret McNamara filed an answer to complainant's bill, containing pleas in abatement, and defendant Balcomb demurred to said bill. A hearing being had thereon, defendants' contentions were sustained, and the bill of complaint was dismissed.

The facts on which Margaret McNamara's pleas were based not all appearing in the bill of complaint, testimony was heard as to such facts, and numerous court records and files were introduced in evidence. At this hearing the complainant was also sworn and testified.

In his return to the order to show cause herein, respondent states that, "in addition to all legal reasons why the bill would have been dismissed, she did not relate a story which, even if true, would entitle her to any relief whatever upon her bill;" that he then so stated, and deprecated any proceedings prolonging the protracted litigation involving the matters in relation to which her bill was filed. Respondent further returns that the order dismissing complainant's bill was filed on May 3, 1912; that on August 2, 1912, complainant filed a motion to dismiss the bill of complaint as to defendant Balcomb, who resides in Chi-

cago, Ill.; that said motion was noticed for August 5, 1912, and was not a valid notice under the rule; that said motion to dismiss was heard August 10, 1912, at which time a letter from said Balcomb was presented to the court, objecting to the bill being dismissed as to him, and giving his reasons therefor; that in the opinion of the court the motion to dismiss was not made in good faith or legal form; that it was not filed until 91 days after entry of final decree, and was denied.

What story complainant related, when giving her testimony at the hearing on the pleas and demurrer, we are not advised; but it would seem strange if there was anything to relate which she had not already told upon the subject-matter of this prolonged litigation over the estate of Mary McNamara, deceased, which has already been before this court on four separate occasions in the cases of *In re McNamara's Estate,* 148 Mich. 346 (111 N. W. 1066), *Id.,* 155 Mich. 585 (119 N. W. 1074), *Michigan Trust Co.* v. *McNamara,* 165 Mich. 200 (130 N. W. 653, 37 L. R. A. [N. S.] 986), and *In re McNamara's Estate,* 167 Mich. 406 (132 N. W. 1078).

Mary McNamara, deceased, a resident of Grand Rapids, Mich., and a distant relative of relator, died in February, 1904. She left an estate having an appraised valuation of $55,050. She had been a widow many years, and some time after the death of her husband, relator, a young woman recently from Ireland, where she had been engaged in teaching on a salary of $30 a year and her board, went to live with deceased in 1885, and continued with her until the time of her death. During her lifetime the deceased, Mary McNamara, deeded to relator two houses and lots, valued at $6,000, the deed to take effect at the time of the death of said Mary McNamara, the elder. After her death relator filed a claim in the probate court of Kent county against the estate of said deceased, claiming the sum of $30,000 due to her for personal services and attention, and assistance in caring for deceased's business during the years relator lived with her.

After protracted litigation in the probate, circuit, and this court, relator recovered the sum of $11,240, in addition to the real estate deeded to her. On the trial of the cause in which she recovered that amount, it was her contention that deceased had entered into an agreement with her that if claimant would remain with deceased and care for her, look after her personally, and attend to the household duties and business matters, she would pay claimant well and liberally for her services out of decedent's estate remaining at the time of her death, and that the same would be sufficient to keep claimant well during the balance of her life. That issue being submitted by a special question to the jury which heard the case, they answered in the negative, and found that no such agreement was entered into. The question of the actual value of her services while with deceased was, however, submitted to the jury by the court; and they fixed the same at $17,240, deducting therefrom, by direction of the court, the value of the real estate which had been deeded to her, appraised by agreement at $6,000. In affirming that case this court said:

"The case made by the record shows that a young woman was taken into a comfortable home of a distant relative, where she was treated as a member of the family, and, in return for her services, was furnished a home, including her board and clothing, and for her services at the end of 18 years, in addition to the home which had been furnished her, she finds herself in possession of a fortune of $17,242. If any one has just occasion to complain of the result of this litigation, it is not the claimant." [155 Mich. 592 (119 N. W. 1076.)]

After the last-mentioned case was disposed of in this court, relator refused to accept the judgment, and other litigation followed. The money was finally paid to the register of the court by the administrator of the estate of deceased.

The heirs of Mary McNamara, deceased, as adjudicated by the various courts before whom the litigation was brought, are Thomas McMahon, Arthur McNamara, and

James McNamara. Arthur McNamara has since died, and Margaret McNamara is his executrix and the beneficiary under his will. James McNamara, named as defendant in the chancery suit in question, is the father of relator. Francis W. Balcomb, named also as a defendant in said suit, was formerly one of James McNamara's attorneys, and had foreclosed a mortgage against James McNamara's interest in the estate of said Mary McNamara, deceased, and purchased the same at foreclosure sale in the United States district court. The said James McNamara, who was made one of the defendants, and who is represented by counsel in a stipulation filed in the case, never formally appeared; nor has he been in any way defaulted for nonappearance or otherwise.

It is relator's claim that her "bill of exceptions" was complete and ready for settlement, and duly noticed for settlement on the solicitors of Margaret McNamara, at the time relator's counsel appeared before respondent on August 10, 1912, at the hearing of the motion to dismiss as against defendant Balcomb, the settling of said bill having been set for the same time as the argument of said motion; and that it was relator's right to have said bill settled as to defendant Margaret McNamara, irrespective of what disposition was made of said motion to dismiss.

Relator was the only complainant in said chancery suit. Of the three defendants one had not formally entered his appearance, pleaded, or been defaulted. A final decree had been entered in favor of the other two. Notice of settlement of the bill had, at most, been legally served only upon one. She could not dismiss her suit as to defendant Balcomb after a decree in his favor had become absolute, without his consent; but beyond that respondent returns as to the proceedings had before him on August 10, 1912, and the proposed case claimed to have been presented to him for settlement, as follows:

"That when the motion and petition to dismiss as

to Francis W. Balcomb came on to be heard on August 10, 1912, it was admitted and understood, both by the court and by the attorney for Mary McNamara, that, unless the motion to dismiss as to Francis W. Balcomb was granted, the bill of exceptions was not properly before the court for settlement and signature, *first,* because the 90 days given by the statute and rule had expired; *second,* because the proposed transcript had not been served upon defendant Balcomb as required by the rule; and, *third,* because no notice of the proposed settlement had ever been served upon defendant Francis W. Balcomb under the rule.    That therefore, when this respondent indicated that the motion to dismiss as to defendant Francis W. Balcomb was denied, the attorney for Mary McNamara stated that he had the bill of exceptions there, but that he supposed he would have to get further time in order to get the same regularly before the court to be settled and signed.    I stated that I did not like to rule upon a motion before it was made, but that he knew what my feeling about this case was; that I felt that I would not be justified, under the circumstances, in doing anything which would permit or enable the petitioner to continue this ill-advised litigation.    No motion for an extension of time to settle the case on appeal was ever made, and the bill of exceptions or transcript was therefore never presented to me for settlement and signature for the three reasons I have stated, which were understood and agreed upon by counsel for both parties.    In answer to paragraph 6 of the petition, this respondent says that he never refused to sign the proposed bill of exceptions for the reasons stated in the last paragraph, and that the same was never presented to him for settlement and signature."

Though relator seeks to question the correctness of certain statements appearing in this portion of the return, the rule is too well settled to be open to debate that, where the proceedings are heard on petition and answer, as is the case here, respondent's answer is conclusive, and must be taken as true.    2 Stevens' Michigan Practice, § 467, and cases there cited.    Being so taken, it follows that relator's petition must be denied, with costs.

Moore, McAlvay, Brooke, Kuhn, Stone, Ostrander, and Bird, JJ., concurred.