## LOESER v. JORGENSON.

1. CHATTEL MORTGAGES—RECORDING—ACTUAL NOTICE.
   A chattel mortgagee cannot complain of a charge that the mortgage was valid against one who had actual notice of its existence, though filed in the wrong township.

2. SAVING QUESTIONS FOR REVIEW—EVIDENCE—OBJECTIONS.
   One cannot urge on error that certain evidence was not admissible under the pleadings, unless such objection was made on the trial.

3. DOMICILE—EVIDENCE—STATEMENTS—RELEVANCY.
   Where the place of residence of a person, not a party to the suit, is at issue, testimony by the supervisor that such person claimed a homestead in the township, and made and delivered to him a statement of his taxable property in the township, is relevant to the issue.

4. SAME—RESIDENCE—INTENT—VOTING.
   Testimony that the mortgagor of chattels registered as a voter in a certain township the day after the mortgage was given,

and three days later voted there, tends to show his intent, and is therefore admissible on the question of his residence.

Error to Crawford; Sharpe, J.    Submitted March 16, 1904.    (Docket No. 115.)    Decided July 16, 1904.

Trover by Leo Loeser, Ferdinand Loeser, and Solomon Loeser, copartners as Loeser Brothers, against Walmar Jorgenson and George F. Owen.    There was judgment' for defendants, and plaintiffs bring error.    Affirmed.

*William D. Totten* and *J. L. Boyd*, for appellants.

*Main J. Connine* and *Ward B. Connine*, for appellees.

MOORE, C. J.    November 2, 1900, Bert Wilcox gave a chattel mortgage to plaintiffs for $350, which was filed on the same day in the township of Grayling.    Afterwards defendant Jorgenson obtained a judgment and execution against Wilcox, which execution was delivered to defendant Owen, who levied upon and sold the property covered by the chattel mortgage.    Plaintiffs made a demand for the property or the proceeds.    Suit was brought, and the case was tried by a jury, which rendered a verdict in favor of defendants.    The case is brought here by writ of error.

It was the claim of plaintiffs that the residence of Wilcox was in Grayling, and that the mortgage was properly filed, and gave them a lien ahead of that of the defendants. It was the claim of defendants that Wilcox was not a resident of Grayling when the mortgage was given, but was a resident of Maple Forest, and that the chattel mortgage was not properly filed.    It was the claim of defendant Jorgenson that before extending credit to Wilcox he was told by him that this property was unincumbered, and that Wilcox offered to give him security, and that Jorgenson had no knowledge of the mortgage until after the credit was given.    Wilcox and his wife were both sworn

as witnesses on the part of plaintiffs, and testified their residence was in Grayling, and that Jorgenson was told of the mortgage before the credit was extended.

Counsel for plaintiffs say the following questions are involved:

"(1) Whether Wilcox resided in Grayling township or in Maple Forest township on that date; and (2) whether the defendant Jorgenson knew of the mortgage before he extended credit to Wilcox; and (3) whether the court below erred (*a*) in his rulings on the admission of evidence, (*b*) in his charge to the jury, (*c*) in overruling plaintiffs' motion for a new trial."

As to the first of these questions, the jury were told by the judge that, if Wilcox resided in Grayling when the mortgage was given, plaintiffs were entitled to recover. As to the second question, the jury were told:

"If you find that part of Wilcox's debt to Jorgenson was extended after Jorgenson knew of the mortgage to the plaintiffs, then the verdict here will be for the plaintiffs. * * * And this brings us to the second question—as to whether or not Jorgenson, at the time he furnished these goods to Wilcox, had notice that Loeser Bros. held a mortgage upon this property. The object of the filing of a chattel mortgage, you can see, was to give every one notice who chooses to go and examine the records of the township clerk's office where a man lives, and see whether or not his goods are incumbered. If, however, actual personal notice is brought to the man that some one else holds a mortgage upon personal property, why, that is just as efficacious, as far as giving him notice is concerned, as filing. And if you find that Wilcox told Jorgenson, while he was getting this credit, and before all of these goods were furnished, that this mortgage existed to Loeser Bros., then, if Jorgenson furnished goods after that, then he couldn't complain that he did not know of the Loeser Bros.' mortgage."

We think these were questions of fact, and were properly submitted to the jury.

Was there error in the admission of evidence? The plea gave notice that Wilcox was a resident of Maple Forest when the mortgage was given. Evidence was intro-

duced showing that Wilcox claimed to be a resident in 1897 of Presque Isle county, and registered and voted there, and continued to reside there until the spring of 1899. Counsel say it is elementary that the evidence should correspond to the plea, and that this testimony should have been rejected. Counsel, in his opening statement to the jury, claimed Wilcox was a resident of Grayling, and had been for years. There was no suggestion in the objection that it was not admissible under the pleadings. We think that objection cannot now be urged.

It was the claim of the plaintiffs that, though Wilcox was living with his family in Maple Forest, he was there temporarily to do lumbering, and that his actual residence was in Grayling. Defendants were allowed to show that Wilcox told the supervisor in the spring of 1900 that he had a homestead in Maple Forest, and that he made and delivered to the supervisor a statement of his taxable property in that township. The objection was that the testimony was irrelevant and incompetent. None of it was objected to as being hearsay. We think the testimony bore upon the issue.

Testimony was introduced showing that Wilcox appeared before the registration board of Maple Forest November 3d, the next day after the mortgage was given, and claimed he was a resident of that township, entitled to vote; that he was registered on the 3d and voted on the 6th of November. It is said this was error, because anything Wilcox said or did after the mortgage was filed, November 2d, was immaterial. We cannot agree with counsel. The question of residence is largely a question of intent. The contemporaneous acts of parties throw light upon what they intend. We think this testimony was competent.

It is said the court should have granted plaintiffs a new trial because the verdict was contrary to the charge of the court, the law, and the weight of evidence. In refusing the motion for a new trial, the judge found to the contrary of each of these contentions. We have already stated

enough from the record to show a sharp conflict in the testimony. The case was submitted to the jury under a clear and careful charge. There was testimony which, if believed, justified the verdict.

Judgment is affirmed.

The other Justices concurred.