SHERRILL *v.* GRAND TRUNK RAILWAY COMPANY OF CANADA.

1. PROCESS—ABATEMENT OF ACTION—FOREIGN CORPORATIONS.
   Service of summons on the superintendent, on the ticket agent, and on the conductor of a railroad company organized under the laws of Canada, gives the court jurisdiction if the corporation is engaged in the transaction of local business in Michigan.[1]

2. SAME—MOTION TO QUASH SERVICE—PLEA IN ABATEMENT.
   It is not correct practice to try the question whether a foreign corporation is engaged in local business in Michigan, subjecting it to service of process under 3 Comp. Laws, § 10442, upon a motion to quash the service based on affidavits; the proper method being to raise an issue of fact by plea in abatement.

[1]As to who may be served with process in suit against foreign corporation, see note to *Foster* v. *Charles Betcher Lumber Co.* (S. D.), 23 L. R. A. 490.

Certiorari to Wayne; Murphy, J. Submitted February 15, 1910. ( Docket No. 177.) Decided June 6, 1910.

Case by John Sherrill against the Grand Trunk Railway Company of Canada and others for personal injuries. An order denying a motion to quash a service of summons is reviewed by the above named defendant on writ of certiorari. Affirmed.

*Harrison Geer* and *W. K. Williams*, for appellant.

*Charles Engelhard*, for appellee.

McALVAY, J. Plaintiff, residing in Detroit, in this State, brought suit in the Wayne circuit court in an action of trespass on the case against the Grand Trunk Railway Company of Canada, the Grand Trunk Western Railway, and the Detroit & Canada Grand Trunk Junction Railroad Company by summons. The last two named defendants have appeared, and an issue as to them has been joined. It is admitted that this appellant, the other defendant, is a foreign corporation organized under the laws of Canada, and that the accident which caused the injury to plaintiff, to recover damages for which this suit was brought, occurred in Canada. The declaration alleges that plaintiff purchased a ticket in Detroit for Liskard, Ontario, and took passage by way of Port Huron on defendant's train; that a collision occurred between the stations of Huntsville and Novar, in Ontario, by the train of the Grand Trunk Railway Company of Canada, upon which he was being carried as a passenger, running into the rear of one of its freight trains. Service of the summons in this case made upon the putative agent of this defendant in Detroit upon motion of its attorneys was set aside and dismissed as to it. An *alias* summons issued, and was returned not served. A *pluries* summons was duly issued, and returned served upon Frank W. Egan, superintendent of defendant company, Frank B. Bradley, its ticket agent at Detroit, and also Thomas McAuliff, a

conductor of said defendant running from London, Ontario, to Detroit, Mich. Defendant appeared specially, and again made a motion to quash and set aside the service of the *pluries* summons, and dismiss the suit as to said defendant, upon the ground that it was a foreign corporation, that the cause of action did not accrue in this State, but in Ontario, Canada, and that no lawful service of the writ had been had upon this defendant, and filed affidavits supporting such motion. Counter affidavits were filed, and the motion was heard, and the court, upon the ground that there appeared to be a disputed question of fact presented as to whether this defendant was engaged in business within this State upon which an issue should be joined, denied the motion, without prejudice to the defendant, with leave to it to put in a proper plea within 15 days. Defendant later moved to set aside this order, and, upon the denial of this motion, the case was removed to this court for review by writ of certiorari.

Appellant says that the question presented is whether the court below could, by means of the service of the summons, acquire jurisdiction of this defendant for a cause of action which accrued to plaintiff in Ontario, on account of an injury caused as charged, claiming that there were in force in this State on the date of the accident no statutes that enabled plaintiff to secure jurisdiction of this defendant by writ of summons. Reliance is placed by defendant upon the decisions of this court in construing certain statutes relative to the commencement of suits against corporations, viz.: Section 10468, 3 Comp. Laws, holding that it applied to domestic corporations. *Grand Trunk R. Co.* v. *Wayne Circuit Judge*, 106 Mich. 248 (64 N. W. 17). Section 10022, relative to service on railroad corporations, holding this section to be supplementary to section 10468, and applies to domestic corporations. *Grand Trunk R. Co.* v. *Wayne Circuit Judge, supra.* Section 10442, relative to commencement of suits against, and service of process on, foreign corporations. *Showen* v. *J. L. Owens Co.*, 158 Mich. 321 (122 N. W. 640).

Particular attention is called to the case last cited, from which the following quotation is made:

"We are of the opinion, therefore, that section 10442, 3 Comp. Laws, should be limited in its application to foreign corporations transacting interstate commerce business in this State."

Defendant gives the following construction to this excerpt:

"In other words, section 10442 applies to service of process upon all foreign corporations transacting local business in Michigan, and does not apply to foreign corporations transacting an interstate commerce business "—and its conclusion is that this section does not authorize plaintiff to bring this suit.

If it should appear as a matter of fact, that this defendant was engaged in transacting "local business in the State " under the decision in *Showen* v. *J. L. Owens Co.*, *supra*, plaintiff has by summons given the court jurisdiction over it in this case. The disputed question of fact which the court below recognized and refused to determine on affidavits is the question which will determine this case.

In that case the question was raised by a plea in abatement, and the fact was found by the court that the defendant was engaged in business in Kent county, Mich. Our conclusion, therefore, is that the court below was not in error in denying defendant's motion. Courts should refuse to try disputed questions of facts upon affidavits. The proper practice is to frame an issue by a proper plea.

The judgment of the circuit court is affirmed.

HOOKER, MOORE, BROOKE, and STONE, JJ., concurred.