## DANIELS v. DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.

1. PROCESS—MOTIONS—SERVICE—SUFFICIENCY.
   Disputed questions of fact are not triable on motion and affidavits as to the sufficiency of service of process.

2. SAME.
   But where no question of fact is raised, the court will dispose of a motion to quash service of process, for the alleged reason, that defendant, a foreign corporation, was improperly served.

3. SAME—STATUTES.
   Before the enactment of Act No. 3, Pub. Acts 1909, an action against a nonresident corporation might be commenced by attachment and seizure of property, under 3 Comp. Laws, § 10011.

4. INTERNATIONAL LAW—FOREIGN STATUTE.
   The court cannot take judicial notice of a statute of limitations of the Dominion of Canada; it must be proved.

5. ACTIONS — PERSONAL INJURIES — CARRIERS — CONSTITUTIONAL LAW.
   An action against a carrier for negligent injuries sustained in a foreign jurisdiction, is transitory, and may be tried by the courts of this State.

6. STATUTES—CAUSE OF ACTION—REMEDIES.
   The said statute merely broadens a remedy and in no way affects the cause of action.

7. CORPORATIONS—RAILROADS—SERVICE OF PROCESS.
   A foreign railroad company, lawfully doing business in this State, is subject to such changes as may, from time to time, be made in the law touching service of process.

8. CONSTITUTIONAL LAW—PROCESS—FOREIGN CORPORATIONS.
   Act No. 3, Pub. Acts 1909, which permits service of process on the agent of a foreign corporation, in cases arising outside the jurisdiction, merely gives a remedy which did not exist under 3 Comp. Laws, §§ 10442, 10443, without affecting the vested rights of the foreign corporation, and the act is constitutional and applies to a cause of action that was in existence when the statute went into effect.

Certiorari to Clinton; Searl, J.  Submitted October 11, 1910.  (Docket No. 31.)  Decided December 7, 1910.

Case by George B. Daniels against the Detroit, Grand Haven & Milwaukee Railway Company, the Grand Trunk Western Railway Company, and the Grand Trunk Railway Company of Canada.  The defendant, the Grand Trunk Western Railway Company, filed a motion to quash the service of plaintiff's declaration.  An order denying the motion is reviewed by said defendant on writ of certiorari.  Affirmed.

*Harrison Geer*, for appellant.

*Lyon & Moinet*, for appellee.

STONE, J.  Suit was brought to recover damages for injuries which plaintiff claims that he received in a wreck in Canada on September 3, 1908, while a passenger on a train of the Grand Trunk Railway Company of Canada between the stations of Princeton and Gobles.  At that time, as well as at the time of the commencement of this suit (November 3, 1909), plaintiff resided in Clinton county, Mich.  He commenced the action by declaration in the Clinton circuit court.  Service was made on the same day on the defendant Detroit, Grand Haven & Milwaukee Railway Company, within said county, and proof of such service was on that day made and filed in the cause.  On November 4, 1909, service was made on the defendant the Grand Trunk Western Railway Company, and due proof of that service was filed November 6, 1909.  On November 5, 1909, service was made on the defendant the Grand Trunk Railway Company of Canada by delivering a copy of the declaration, rule to plead, and notice, to George W. Watson, its ticket agent, at 124 Woodward avenue, Detroit, Mich., to secure jurisdiction of the last-named company, and on the following day proof of such service was made and filed in the cause.

The first two named companies caused their appearance

to be entered in said cause. The Grand Trunk Railway Company of Canada appeared specially in said suit and moved the court, upon affidavit attached to said motion, to dismiss the suit for the reason that said company is a foreign corporation, and the plaintiff's alleged cause of action accrued in the Dominion of Canada, if at all, and not in the State of Michigan. The affidavit in support of the motion, after stating that the plaintiff's alleged cause of action accrued through derailment of said defendant's passenger train near Princeton, Ontario, Dominion of Canada, on September 3, 1908, proceeds as follows:

"This deponent further says that the Grand Trunk Railway Company of Canada * * * is a foreign corporation, and was a foreign corporation on the 2d and 3d days of September, 1908; that it is organized and exists under the laws of the Dominion of Canada, and is a subject of King Edward VII, and it is not now, and never has been, a corporation organized and existing under the laws of the State of Michigan."

It appears by an affidavit filed on behalf of the plaintiff, at the hearing of the motion, that at the time of the service in question, said defendant the Grand Trunk Railway Company of Canada was maintaining two ticket offices in the city of Detroit, one at the so-called Grand Trunk station at the foot of Brush street, and one at 124 Woodward avenue; that it had maintained such offices since prior to September 3, 1908, and that said defendant, at its Woodward avenue ticket office, sold a ticket over its line from Detroit, Mich., to Tecumseh, Canada, at the very time that service aforesaid was made upon it. This court held in *Sherrill* v. *Railway Co.*, 161 Mich. 495 (126 N. W. 830), where a similar question was raised, that it would refuse, in such a proceeding, to try disputed questions of fact upon affidavits, and that the proper practice was to frame an issue by a proper plea. As it appears, however, by an examination of the affidavits filed in this case, that there are no disputed questions of fact raised, we shall proceed to dispose of the question here presented.

The circuit judge found that no question was raised as to the agency of Watson, and no question of that kind appears in the record or brief of appellant.

The sole contention urged by appellant is " that the circuit judge erred in overruling defendant's motion and holding the service of the declaration good as to the Grand Trunk Railway Company of Canada, and in entering the order," overruling the motion. The case is here upon certiorari.

It is the claim of the appellee, plaintiff below, that he is entitled to bring suit in the circuit court for the county of Clinton, where he resides, although the cause of action accrued outside of the State of Michigan, and the defendant is a foreign corporation, under Act No. 3, Pub. Acts 1909, the same being an amendment of section 10442, 3 Comp. Laws; the act as amended reading as follows:

"SECTION 1. In cases where the plaintiff is a resident of the State of Michigan, suits may be commenced at law or in equity in the circuit court for any county in this State where the plaintiff resides or where service of·process may be had, and suits at law may be commenced before any justice of the peace in such county, against any corporation not organized under the laws of this State, by service of a summons, declaration or chancery subpœna, within the State of Michigan, upon any officer or agent of the corporation, or upon the conductor of any railroad train, or upon the master of any vessel belonging to or in the service of the corporation against which the cause of action has accrued.    And where the plaintiff is a nonresident of the State of Michigan, suits may be commenced in like manner against such corporations, in all cases where the cause of action accrued within the State of Michigan: *Provided*, that in all cases, except before justices of the peace, no judgment shall be rendered for sixty days after the commencement of suit, and the plaintiff shall, within thirty days after commencement of suit, send notice by registered letter to the corporation defendant at its home office.

"SEC. 2. That when the cause of action has accrued prior to the passage of this act, suit may be brought as provided in the first section of this act: *Provided*, that the cause of action at the time such suit is brought would

not have been barred by the statute of limitations had such corporation been organized within this State."

It is conceded that prior to the amendment of 1909 the plaintiff below could not have brought suit by declaration in any circuit court of Michigan and got valid service upon said foreign corporation, so as to have entitled him to recover a personal judgment against it. He could, however, at the time of the alleged injury, have commenced his suit by attachment, and have seized the property of the defendant corporation, sufficient to satisfy his claim for damages, under the provisions of section 10011, 3 Comp. Laws.

Counsel for appellant makes the claim in his brief that, under the law of Canada where the cause of action accrued, if at all, suit must be commenced within one year, and that plaintiff's cause of action would have outlawed on September 3, 1909, and he argues that the corporation had a vested right in its defense, which could not be taken away. A complete answer to this point is that the question is not raised in the record. We cannot consider a question not presented in the record. There was not a scintilla of proof before the lower court that there is any statute of limitations whatever as to this sort of action, or any kind of action whatever, in the Dominion of Canada. We cannot take judicial notice of the existence of a foreign statute. This court held in *Chapman* v. *Colby Bros. & Co.*, 47 Mich. 46, 51 (10 N. W. 74), that where a foreign law is in question, there can be nothing known of its purport until it is proved—citing *Kermott* v. *Ayer,* 11 Mich. 181. In varying language the same rule has been held and applied in many cases; the later cases being *Phelps* v. *Loan Ass'n,* 121 Mich. 343, 354 (80 N. W. 120); *Schroeder* v. *Boyce,* 127 Mich. 33–36 (86 N. W. 387). We must decline therefore to consider the claim of the statute of limitations.

The amendment of 1909 eliminated the provision that the cause of action must arise within the State of Michigan,

in order to entitle the plaintiff to make service upon a foreign corporation. This cause of action was transitory. The circuit court for the county of Clinton is a court of general jurisdiction, and as such had jurisdiction over the subject-matter of this suit under the provisions of the Constitution. See Const. 1850, art. 6, § 8; Const. 1909, art. 7, § 10; *Atkins* v. *Borstler*, 46 Mich. 552 (9 N. W. 850); *Thompson* v. *Benefit Ass'n*, 52 Mich. 522 (18 N. W. 247); *Cofrode* v. *Circuit Judge*, 79 Mich. 332–339, (44 N. W. 623, 7 L. R. A. 511); *Sleight* v. *Swanson*, 127 Mich. 436, 438 (86 N. W. 1010).

There can be no question that if plaintiff below had, at any time after the alleged injury, commenced suit in the Clinton circuit court against all of the defendants, and had made service upon the other two defendants, as he did in this case, and appellant had appeared in the case, and a judgment had been rendered therein, such judgment would have been binding upon all of the parties. That court would have had jurisdiction over the plaintiff because he was a resident of that county and voluntarily went into that court; it would have had jurisdiction over the subject-matter, because the cause of action was transitory, and it was a court of general jurisdiction; and if appellant had voluntarily appeared, it would have had jurisdiction over the person of appellant, and any judgment rendered therein would have been binding upon the parties.

We have shown that service might have been had by attachment. Although the cause of action accrued in Canada, yet it was a personal right of action, and went with the plaintiff when he returned to his home in Clinton county, Mich. If the defendants were guilty of actionable negligence, as alleged, the plaintiff's cause of action had become complete the moment the injury was received, and remained complete when suit was brought on November 3, 1909. The act of 1909, changing the law providing for the service of process, had nothing to do with the plaintiff's right of action. That statute relates

only to the remedy, in that it prescribes and regulates a mere matter of procedure; and in such matters a party has no vested right. The amendatory act of 1909 merely broadens the remedy, by still leaving plaintiff his remedy by attachment, and adding thereto a remedy by vicarious service and a personal judgment against appellant. If appellant was doing business in the State with the consent of the State, as it probably was, then it was subject to such changes as should, from time to time, be made in the law of the State touching the service of process upon it. Upon the subject of vested rights, a clear distinction has been made by this court between the defense itself, and the mere remedy or procedure.

We cannot better deal with the authorities cited by counsel than to quote with approval from the opinion of the learned circuit judge as follows:

" I come now to the question whether or not a resident plaintiff may make such service in a case where the cause of action accrued before the act of 1909 took effect. In *Philip* v. *Heraty*, 147 Mich. 473 (111 N. W. 93, 118 Am. St. Rep. 554), cited by appellant, it was held that Act 280, Pub. Acts 1905, extending the right of action for wrongful death to the person in good faith sustaining the marriage relation to the person killed, etc., creates a cause of action where none existed before and could not be applied to a past transaction. This was upon the ground that under no circumstances could the plaintiff have sustained her cause of action in any court except by reason of the statute, and it therefore did not relate to the remedy, but created a cause of action which did not exist before and had prospective operation only. In *City of Grand Rapids* v. *Railway Co.*, 130 Mich. 238 (89 N. W. 932, 97 Am. St. Rep. 473), it was held that Act 443, Local Acts 1895, seeking to make railroads liable for a paving tax theretofore levied, was invalid because it attempted to create a personal obligation to pay taxes which was not a personal obligation before. This simply created a new cause of action. In *Davis* v. *Railroad Co.*, 147 Mich. 479 (111 N. W. 76), Act 89, Pub. Acts 1895, was held not applicable to a case pending when the act took effect, because it applied to cases only which are 'hereafter prosecuted.'

"Section 10443 expressly provides that suit may be brought as provided in section 10442, 'when the cause of action has accrued prior to the passage of this act.' This was a part of the statute before section 10442 was changed by the 1909 amendment of the orignal act, entitled, 'An act to provide for suits against foreign corporations in the courts of this State.' I must presume that the legislature had section 10443 in mind when the amendment was enacted, and I must construe it the same as though it was passed at the same time and as a part of the amendment. So it will be plainly seen that it was the intention of the legislature that this amended act should apply to cases where, like the one at bar, the cause of action had accrued before the act took effect. The amended act, therefore, applies to this case and service is valid providing the law is constitutional. In *Judd* v. *Judd*, 125 Mich. 228 (84 N. W. 134), it was held that Act No. 230, Pub. Acts 1899, giving the court power to punish for contempt one who refuses to comply with the order of the court regarding alimony, relates to the remedy only and applies to a case where the decree of divorce and for alimony was rendered prior to the act.

"Similar laws changing the remedy have been upheld in the following cases: *Joy* v. *Thompson*, 1 Doug. 373; *Rockwell* v. *Hubbell's Adm'rs*, 2 Doug. (Mich.) 197 (45 Am. Dec. 246); *Hanes & Co.* v. *Wadey*, 73 Mich. 178 (41 N. W. 222, 2 L. R. A. 498); *In re Miller*, 110 Mich. 676 (68 N. W. 990, 34 L. R. A. 398, 64 Am. St. Rep. 376); *Semer* v. *Auditor General*, 133 Mich. 569 (95 N. W. 732); *Rosenthal* v. *Wehe*, 58 Wis. 621 (17 N. W. 318); *Green* v. *Anderson*, 39 Miss. 359; *Murray* v. *Mattison* [63 Vt. 479], 21 Atl. 532; *Hine* v. *Belden*, 27 Conn. 384; *Henschall* v. *Schmidtz*, 50 Mo. 454; *Roberts* v. *Thomson*, 28 Ill. 79; *Fisher* v. *Hervey*, 6 Colo. 16.

"Plaintiff had a cause of action when this amendment took effect. The defendant, the Grand Trunk Railway Company of Canada, if liable at all to him, is liable to no greater extent than before. But prior to the passage of this statute he had no remedy permitting him to get service in Michigan. This statute changed the remedy only and did not create any new cause of action, and the case is therefore distinguished from *Philip* v. *Heraty*, and that line of cases. This defendant is a foreign corporation doing business in this State under our statute, and so long as no vested right is taken away from it, it

cannot complain of a change in our statutes which may affect it. The statute, in my judgment, is constitutional and the service valid."

The order of the circuit court is affirmed.

BIRD, C. J., and OSTRANDER, BROOKE, and BLAIR, JJ., concurred.