## YOUNG *v.* REEVES & CO.

1. CANCELLATION OF INTRUMENTS — EQUITY — MORTGAGES — DEMURRER—FRAUD.

Averments of a bill of complaint that defendant by fraud and deceit induced complainant to execute a mortgage upon his Michigan farm, with notes collateral thereto, and a chattel mortgage, also to agree to transfer to defendant a threshing engine in exchange for a steam plow outfit, to be delivered to complainant at his property in Alberta, Canada; that defendant failed to deliver to complainant the steam plow that the parties had agreed upon but attempted to substitute therefor an old machine then in Alberta, which had been tried and rejected, and was valueless, and not according to the agreement of the parties; and that defendant refused to surrender the notes and mortgage of complainant and was threatening to take from him the engine which he had agreed to transfer in part consideration of the sale, etc., stated sufficient ground for cancellation in equity, on demurrer to the bill.

2. SAME—FOREIGN CORPORATIONS—PARTIES.

Defendant, who appeared and demanded a copy of the bill of complaint, subjected itself to the jurisdiction of the Michigan courts, although it was a foreign corporation having only

a branch office in the State, and although it claimed the subject of the suit was situated in Alberta, Canada.

ON MOTION FOR REHEARING.

PROCESS—WAIVER OF DEFECTS.

By appearing generally in a suit and demanding a copy of the bill, defendant waived any objections to service of process on its alleged agent.

Appeal from Van Buren; Des Voignes, J. Submitted June 17, 1912. (Docket No. 105.) Decided October 7, 1912. Rehearing denied February 18, 1913.

Bill by William H. Young and another against Reeves & Company, a foreign corporation, for the cancellation of certain notes and mortgages. From an order overruling a demurrer to complainant's bill, defendant appeals. Affirmed.

*Thomas J. Cavanaugh*, for complainants.

*Titus, Van Horn & Titus*, for defendant.

MOORE, C. J. The complainant filed a bill stating, in substance, as follows:

" Humbly complaining, your orator, William H. Young, respectfully represents unto the court that he is a resident of the township of Hamilton, county of Van Buren, and State of Michigan, and of the age of 21 years and upwards; that on or about the 23d day of February, A. D. 1909, he was approached by one H. D. Bullen, a salesman representing Reeves & Co., a corporation organized, existing, and doing business at Columbus, in the State of Indiana, with a branch office doing business by permission of law and by license at the city of Lansing and State of Michigan.

" The complainant is a resident of Van Buren county, Mich., and was residing therein on the 23d day of February, 1909. He owned a tract of land in Alberta, Canada, consisting of 320 acres. He also had a contract to break 420 acres. Reeves & Co. were manufacturers and makers of steam plows. On the day aforesaid an arrangement was made, whereby the complainant contracted to

purchase of Reeves & Co., and Reeves & Co. to deliver
to the complainant at Strathmore, Canada, a steam plow
outfit, with all the appurtenances and appliances thereunto
belonging. The consideration which complainant agreed
to pay therefor was the turning over of a certain engine
which was then in complainant's possession at his farm in
Van Buren county, Mich., and $4,650. A contract was
made, and complainant gave his six promissory notes in
the sum of $775 each. And to secure the payment of these
notes he gave a mortgage on lands then owned by him in
Van Buren county. This mortgage was given on the
24th day of February, 1909, recorded in Liber 87 of Mort-
gages, at page 51.

"The bill charges that, although the complainant went
to Strathmore in good faith, for the purpose of taking
possession of the outfit, and for the purpose of complying
with the terms of the contract, yet the said Reeves & Co.
did not and would not deliver to him the engine, plow and
other equipment described in the contract, nor any other
engine of like kind, quality, and perfection, but did have
at said point, in its possession, an outfit which was then in
litigation, which it had before that time sold to another,
and which upon trial had been rejected, and which was
entirely valueless, worthless, and of no use; that it was
then the intention of Reeves & Co., when said contract
was made with him, to put onto him this worthless ma-
chine; that it had no intention at said time of delivering
to him an engine and plow and other equipment, such as
was described in the contract; that it then knew that
it did not own the outfit, and that said outfit was in liti-
gation commenced by it, and that in such litigation it
claimed and alleged that the title to the outfit which it
attempted to deliver to complainant was in another, and
that the title thereto was uncertain and undetermined;
and that its conduct surrounding the attempted delivery
of this outfit was a pretext, for the purpose of delaying
the delivery of the goods described in the contract."

It is further averred:

"That said Reeves & Co. wrongfully, fraudulently,
and deceitfully procured the making of said contract, pro-
cured said notes and said mortgage, and thereafter
wrongfully, fraudulently, and deceitfully, and without
any just cause, failed and neglected to deliver the engine,
plow, and other equipment which were the consider-

ation for the making of said notes, and wrongfully, fraudulently, and deceitfully insisted, as a condition precedent to such delivery, that a chattel mortgage be given upon said outfit, and that said contract is now absolutely void and the notes and mortgage without consideration. That said contract, notes, and mortgage were secured from him and from said Shepard, without any consideration whatever, by false and fraudulent representations as to the value of the article described in the contract, by false and fraudulent representations as to its fitness for the purpose sold, as to its durability and quality. That after said papers were secured Reeves & Co. refused to deliver the property contracted for, and, in order to further cheat, wrong, and defraud complainant, tried to turn out a worthless, tried, and rejected outfit, to which it had no title, and which was then in litigation in Canada, and refused, upon request, to surrender the contract, cancel the notes, and discharge the mortgage. That it was threatening to take from the possession of the complainant a certain engine which he then had, and which he agreed to turn over as a part of the consideration for the breaking outfit, and, in order to further wrong, injure, and defraud and cheat the complainant, he feared that it would sell, transfer, and assign said promissory notes and mortgage to an innocent purchaser."

The following relief is prayed:

"(a) That a certain contract, dated February 23, 1909, may be canceled, set aside, and held for naught, and the defendant directed to surrender and deliver the same to the complainant.

"(b) That the notes described in the bill of complaint be delivered up, and that the mortgage recorded in Liber 87, p. 51, may be canceled, set aside, and held for naught.

"(c) That the defendant, its agents, etc., be enjoined from selling, assigning, transferring, and pledging the notes, or from selling, assigning, transferring, or pledging the mortgage.

"(d) That the defendant, its agents, etc., be enjoined from moving, attempting to move, taking, or attempting to take, possession of a certain threshing machine engine which was then in possession of the complainant, William H. Young.

"(e) And that the complainants be awarded such other relief as should be agreeable to the facts."

The defendant, Reeves & Co., appeared and demurred to the bill of complaint, setting forth four different grounds of demurrer. An order was entered, overruling the demurrer and giving the defendant time to answer the bill of complaint.

The record shows that the subpœna in this case was served upon the duly authorized agent of defendant company at Lansing, Mich. See Act No. 3, Pub. Acts 1909.

The claim of defendants, as stated in the brief, is:

"(*a*) That complainants have a full, complete and adequate remedy at law.

"(*b*) That complainants' cause of action, if any, arose at Strathmore, Alberta, Canada; that, defendants being a foreign corporation, the courts of this State have no jurisdiction of the parties or of the subject-matter involved in this suit."

It goes without saying that by interposing the demurrer defendants admit the averments of the bill of complaint to be true. A reading of the bill of complaint will make an extended argument unnecessary. A reference to the following will show that the lower court was justified in overruling the demurrer: *John Hancock Mutual Life Ins. Co.* v. *Dick*, 114 Mich. 337 (72 N. W. 179, 43 L. R. A. 566); *Fred Macey Co.* v. *Macey*, 143 Mich. 138 (106 N. W. 722, 5 L. R. A. [N. S.] 1036), and the many cases cited therein; *Roberts* v. *Sholes*, 144 Mich. 215 (107 N. W. 904); *Kimmerle* v. *Gas Co.*, 159 Mich. 34 (123 N. W. 565).

The decree is affirmed, with costs. Defendant is allowed 20 days in which to answer.

STEERE, MCALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.

### ON MOTION FOR REHEARING.

PER CURIAM. An opinion was handed down in this case, which appears *ante*, 363 (137 N. W. 701). A motion is made for a hearing for the following reasons (we quote from the brief of counsel):

" It is stated in the opinion filed in this cause by this court:

" ' The record shows that the subpœna in this case was served upon the duly authorized agent of defendant company at Lansing, Michigan. See Act No. 3, Public Acts 1909.'

" It appears from the record in said cause that the bill of complaint was filed May 19, 1909; that May 19, 1909, a subpœna was issued in said cause; that service was made June 7, 1909; that Act No. 3, Public Acts 1909, was not in force or effect at the time of the filing of said bill of complaint or at the time the service was made."

A reference to the original record shows that after the subpœna was served a general appearance was entered in the case, and a demand was made for a copy of the complainant's bill of complaint.

The application for a rehearing is denied.