MATTHEWS *v.* MONTREAL MINING CO.

1. APPEAL AND ERROR—PLEADING—ABATEMENT—REVIEW—WAIVER.
   On demurrer to a plea to the jurisdiction of the circuit court raising the objection that service of process on an agent of a foreign corporation who was not authorized to accept service was invalid, the defendant lost no rights and did not waive the defense raised thereby in taking an exception and pleading over after the court sustained such demurrer.   Act No. 310, Pub. Acts 1905 (5 How. Stat. [2d Ed.] § 12737).

2. PLEADING—ABATEMENT—CORPORATIONS, FOREIGN.
   A plea in abatement that defendant was a Wisconsin corporation; that it was not doing business in this State

or transacting or operating any business within the State, or coming within the said State in any way; that defendant had never within said State done or transacted any such business; that it had no officer, agent, attorney or counsel in the State authorized to receive service of legal process or appear for it in legal proceedings without special direction; that none of its officers or agents has any office or place of business within the State and it has not authorized any agent, officer, attorney or counselor to appear for it in this suit except for the purpose of objecting to the jurisdiction of the court; that the person on whom summons was served was not at the time within the State on official business of the corporation or in any official capacity, but casually or accidentally, and was not then and there authorized to represent it as an officer or otherwise or to receive service of legal process; that the cause of action arose in the State of Wisconsin where plaintiff's intestate was employed by the defendant, was sufficient, certain and related to a single matter.

3. SAME—AMENDMENT—VERIFIED PLEA.

Such plea, being amended after verification by striking out the clause wherein it was alleged that defendant was not transacting or operating any business within the State so as to submit to the jurisdiction of the above entitled court, did not require to be verified a second time; for the conclusion stated in the omitted clause was a conclusion of law, not the subject of an affidavit.

4. CORPORATIONS — INTERNATIONAL LAW, PRIVATE — FOREIGN CORPORATIONS—JUDGMENT—ABATEMENT OF ACTIONS—DUE PROCESS OF LAW.

Service of process upon the agent and officer of a corporation which was domiciled in a foreign State could not constitutionally be made if the company was not engaged in local business and the officer was not one that was empowered to accept service of process, or defendant was not transacting any business in the State; upon a showing that the officer was defendant's manager and superintendent and that he was casually in the State, not representing defendant, a plea to the jurisdiction should have been sustained in an action for the death of an employee in the sister State. Act No. 3, Pub. Acts 1909, amending 3 Comp. Laws, § 10442 (5 How. Stat. [2d Ed.] § 13521).

Error to Gogebic; Cooper, J. Submitted April 30, 1914. (Docket No. 70.) Decided December 19, 1914.

Case by Richard J. Matthews, as administrator of the estate of Robert Matthews, deceased, against the Montreal Mining Company for the negligent killing of plaintiff's intestate. Judgment for plaintiff. Defendant brings error. Reversed; new trial denied.

*Belmont Waples* (*William F. Shea,* of counsel), for appellant.

*Le Gendre & Driscoll,* for appellee.

OSTRANDER, J. The suit was begun by summons. The sheriff of Gogebic county certifies that within said county of Gogebic the writ was served upon the defendant, Montreal Mining Company, by personally handing and delivering to and leaving with George H. Abeel, the superintendent and manager and an officer and agent of the above-named defendant, Montreal Mining Company a true copy of the said summons, etc. The defendant pleaded in abatement of the action that it is a foreign corporation, organized and existing under the laws of the State of Wisconsin; that at the time of the commencement of this action "it was not doing business in this State of Michigan, or transacting or operating any business within said State, or coming within said State in any way * * *; that it had never within said State done or transacted any such business;" that it has no officer, agent, attorney, or counsel in the State of Michigan authorized to receive service of legal process or to appear for it in legal proceedings in any court in said State without its special direction and authorization; that none of its officers or agents has any office or place of business within the State, and it has not authorized any agent, officer, attorney, or counselor to appear for it in this suit, except for the

special purpose of objecting to the jurisdiction of the court. The plea further sets out that George H. Abeel, on whom the summons was served, was not at the time of such service within the State of Michigan on official business for defendant, nor in an official character as an officer of defendant or otherwise, but casually and accidentally, and not as representing this defendant; that he was not then and there authorized to represent it as an officer or otherwise, or to receive service of legal process. It is further alleged that the cause of action in this suit arose out of the State of Michigan, and within the State of Wisconsin, in which latter State the decedent was employed by the defendant, and was working for it therein, under a contract made and to be performed therein, for wages due and payable therein. It prays judgment of the writ, and whether the court will take further cognizance of the action, and that the writ be quashed. The plea is verified. Plaintiff demurred to the plea, and the demurrer was sustained. Defendant pleaded over.

A judgment having been rendered in favor of the plaintiff, the first question this court is called upon to consider is the jurisdiction of the circuit court. 3 Comp. Laws, § 10442, was amended by Act No. 3 of the Public Acts of 1909, so as to read as follows:

"In cases where the plaintiff is a resident of the State of Michigan, suits may be commenced at law or in equity in the circuit court for any county in this State where the plaintiff resides or where service of process may be had, and suits at law may be commenced before any justice of the peace in such county, against any corporation not organized under the laws of this State, by service of a summons, declaration or chancery subpœna, within the State of Michigan, upon any officer or agent of the corporation, or upon the conductor of any railroad train, or upon the master of any vessel belonging to or in the service of the corporation against which the cause of action has

accrued. And where the plaintiff is a nonresident of the State of Michigan, suits may be commenced in like manner against such corporations, in all cases where the cause of action accrued within the State of Michigan: *Provided,* that in all cases, except before justices of the peace, no judgment shall be rendered for sixty days after the commencement of suit, and the plaintiff shall, within thirty days after commencement of suit, send notice by registered letter to the corporation defendant at its home office." (5 How. Stat. [2d Ed.] § 13521.)

It is by virtue of this statute and the service which was had in this case that jurisdiction of the defendant is asserted.

One ground of demurrer to the plea is that it is uncertain and ambiguous, and it is urged in this court on the part of the plaintiff, quoting from 1 Green's Practice (1st Ed.), pp. 209, 211, and Gould on Pleading (by Hamilton), 87, 88 (see § 57, 5th Ed.), that the plea lacks precision, and is open to the objection that it is double. It is also urged in the brief that, as it was originally filed and verified, it stated a certain conclusion of law, that by amendment this conclusion was omitted, that the plea has never since been verified, and is therefore insufficient in law. It is urged, further, that after the order sustaining the demurrer and overruling the plea had been entered defendant, through its attorney, filed a general notice of retainer, and later, without reservation, a plea of the general issue; that after judgment it filed a stay bond without reservation, and later entered into a general stipulation for extension of time to move for a new trial or settle a bill of exceptions. It is upon these grounds asserted that any rights which defendant had in consequence of the plea have been waived, and that the point raised by the plea is not for consideration by this court. The statute (Act No. 310, Pub. Acts 1905; 5 How. Stat. [2d Ed.] § 12737)

permits the assignment of error upon the overruling of the plea. Defendant duly excepted to the ruling, and lost no rights by pleading over.

The plea as amended is certain. The facts stated in it all relate to a single matter. The pleader evidently intended to negative the existence of all facts upon which, according to his construction of the law, jurisdiction could be predicated. It is true that a conclusion of law, namely, that the defendant was not transacting or operating any business within the State "so as to submit to the jurisdiction of the above entitled court," is contained in the plea as filed and verified. The quoted language by permission of the court was struck out, and the plea was not again or thereafter verified. It does not appear from the record that any point was made in the court below that the plea was thereby rendered infirm, and as a mere conclusion of law is hardly the subject of an affidavit, and as the facts stated in the plea are verified, notwithstanding the presence or absence therein of the conclusion of law, which was eliminated, and the court below overruled the plea upon the merits, the objections which are made in this court are not sufficient to permit us to refuse to consider the plea.

It is evident that, if the judgment in question here had been rendered in another jurisdiction having a similar statute against a Michigan corporation, and it was sought to sue upon the judgment in the courts of this State, an objection that the foreign court had not acquired jurisdiction to render a personal judgment would be sustained. This upon the authority of decisions in the following and many other cases: *Cella Commission Co.* v. *Bohlinger*, 147 Fed. 419, 78 C. C. A. 467 (8 L. R. A. [N. S.] 537); *Kendall* v. *Loom Co.*, 198 U. S. 477 (25 Sup. Ct. 768); *Conley* v. *Alkali Works*, 190 U. S. 406 (23 Sup. Ct. 728); *St. Clair* v. *Cox*, 106 U. S. 350 (1 Sup. Ct. 354); *Goldey* v. *Morning News*, 156 U. S. 518 (15 Sup. Ct.

559) ; *Moulin* v. *Insurance Co.*, 24 N. J. Law, 222; *Foster* v. *Lumber Co.*, 5 S. D. 57 (58 N. W. 9, 23 L. R. A. 490, 49 Am. St. Rep. 859, and notes). See, also, *Marshall* v. *R. M. Owen & Co.*, 171 Mich. 232 (137 N. W. 204).

We held in *Daniels* v. *Railway Co.*, 163 Mich. 468 (128 N. W. 797), in an opinion in which the foregoing and the next succeeding sections of the statute were set out, that the service upon a foreign corporation was valid; it appearing that the corporation was doing business in the State. As applied to such a case, we declined to hold the statute unconstitutional. The question of the constitutionality of the statute as applied to service upon the agent of a corporation not doing business in the State was mooted in *National Coal Co.* v. *Mining Co.*, 168 Mich. 195 (131 N. W. 580), and in *Young* v. *Reeves & Co.*, 172 Mich. 363 (137 N. W. 701, 139 N. W. 876), but was not decided, because in each of those cases defendant had entered a general appearance. In *Showen* v. *J. L. Owens Co.*, 158 Mich. 321 (122 N. W. 640, 133 Am. St. Rep. 376), it was held that section 10442, before the amendment of 1909, was limited in its application to foreign corporations transacting interstate commerce business in this State, and jurisdiction of the court in that case was sustained because it was found that the defendant was transacting a local business in the State. The court distinguishes corporations admitted to do business in the State, and thereby in a measure domesticated and domiciled here, and other foreign corporations. But it is contended that as to all foreign corporations not admitted to do business here the legislature intended and attempted by the amended law to confer upon the courts jurisdiction to render personal judgments in suits begun by residents, if process is served upon an officer or agent of the corporation within the State.

The court below, in the opinion overruling the

plea, relied, as counsel for plaintiff relies, on *Pope* v. *Manufacturing Co.*, 87 N. Y. 137, a decision which appears to have been followed in *Tuchband* v. *Railroad Co.*, 115 N. Y. 437 (22 N. E. 360). The New York statute appears to be similar to our own. In the case first mentioned, service was made upon the president of a foreign railroad company temporarily within the State on his way to a seaside resort; the cause of action not arising in the State, and the corporation doing no business and having no corporate office or property within the State. It was held that the service was authorized by the Code, and, in effect, that the judgment was good in the State, whatever its legal effect abroad might be. Like the State of New York, we have other provisions for reaching property of nonresident owners situated within the State. Our statute as it now stands still supports the construction given to it in *Showen* v. *J. L. Owens Co.*, *supra*. To construe it as plaintiff contends we should is to do violence to the principle that courts may not draw to themselves jurisdiction over property or persons situate or living outside of the territorial range of the process which they may issue and may not be thereto empowered by legislation.

The plea should have been sustained, and the action dismissed. Consequently the judgment should be reversed, and no new trial awarded.

The judgment is reversed.

McALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.