YUND *v.* EXCELSIOR WRAPPER CO.

1. PLEADING—PLEA IN ABATEMENT—MOTIONS—SERVICE OF PROCESS —FOREIGN CORPORATIONS—WANT OF JURISDICTION.

The issue of want of jurisdiction of the defendant foreign corporation on the alleged ground that there was not valid service of process should be raised by a plea and the framing of an issue of fact; the question will not ordinarily be determined upon affidavits; but where the record showed there was no issue of fact and that the affidavits presented simply a question of law for the court as to want of jurisdiction the court may be warranted in determining the questions raised upon the record.

2. PROCESS — FOREIGN CORPORATIONS — LOCAL BUSINESS—VENUE— JUDGMENTS—JURISDICTION.

An action commenced in the county of plaintiff's residence against the defendant which is engaged in business in the State of Michigan, though a foreign corporation, having a factory and resident manager in this State and having complied with Act No. 266, Pub. Acts 1911, authorizing the secretary of State to issue a certificate to foreign corporations carrying on business in this State and conferring all powers and privileges given to corporations organized under the statutes of this State, was improperly brought in a county other than that in which defendant's business was conducted and in which service of process was obtained. 3 Comp. Laws, § 10442 as amended (5 How. Stat. [2d Ed.] § 13521).

Error to Berrien; Bridgman, J. Submitted January 5, 1915. (Docket No. 5.) Decided March 18, 1915.

Assumpsit by Philip Yund against the Excelsior Wrapper Company, a foreign corporation. Judgment for plaintiff. Defendant brings error. Reversed.

*Clapperton, Owen & Hatten,* for appellant.
*John J. Sterling,* for appellee.

STONE, J.   The defendant and appellant is a corporation organized under the laws of· Wisconsin, and operates a plant and business in that State. Subsequent to the time of its organization there, the corporation complied with the requirements of Act No. 206, Pub. Acts 1901 (4 How. Stat. [2d Ed.] § 9647 *et seq.*) of this State, and obtained a certificate from the secretary of State to do business in Michigan under Michigan laws, and establish a plant and business in the city of Grand Rapids, Kent county, Mich., in charge of a resident manager, and was so engaged at the time of the commencement of this suit. It appears and is uncontradicted by this record that the factory and business at Grand Rapids is entirely separate and distinct from the plant and business in Wisconsin. The certificate of·the secretary of State of this State shows:

"That the Excelsior Wrapper Company, a corporation organized under the laws of the State of Wisconsin, has fully complied with the requirements of Act No. 206, Pub. Acts 1901, entitled 'An act to prescribe the terms and conditions on which foreign· corporations may be admitted to do business in Michigan,' and is admitted to carry on business in this State for the purpose of manufacturing a covering for bottles and other manufacturing business, with all the rights and privileges, but subject to all the restrictions, requirements and liabilities of a corporation organized under the provisions of Act No. 232, Pub. Acts of 1903, and for the period of time set forth in its charter, or articles of association, but not exceeding the period of thirty years."

The plaintiff and appellee is a resident of Berrien county, Mich. On March 19, 1912, the declaration in this cause was filed as commencement of suit in the circuit court for the county of Berrien, and the only

service of declaration, as appears by the record, was made in Kent county on March 29, 1912, on W. F. Mueller, agent of the defendant. On May 7, 1912, the defendant appeared specially and moved that proof of service of said declaration be quashed, for the reason that no legal service of process had been had upon said defendant, as appeared by the files and records of said court, and the return of service therein. Said motion was supported by affidavit and by the said certificate of the secretary of State. The record does not disclose that any counter affidavit was filed on behalf of the plaintiff. It appears that the order denying the motion to quash was made on December 26, 1913. On January 24, 1914, the default of the defendant was entered, and on February 18, 1914, judgment for the plaintiff for the sum of $6,889.23 was entered by default. On April 30, 1914, a motion to set aside the default and judgment was entered by defendant. Among many other reasons upon which said motion was based was the following:

"Because the service of the declaration in said suit was not made in pursuance of the statute in such case made and provided, and was void."

The motion was denied May 11, 1914.

The defendant has brought the case here on writ of error, and the assignments of error fairly raise the questions of the validity of service of declaration, and of jurisdiction to enter the judgment.

The plaintiff raises the question of practice, and claims that a motion to quash the service of declaration was not the proper remedy to attack the jurisdiction of the court. We think that the language used by us in *Daniels* v. *Railway Co.*, 163 Mich. 468, at page 470 (128 N. W. 797), is applicable here. The question was there raised by motion, supported by affidavit. We there said:

185 Mich.—10.

"This court held in *Sherrill* v. *Railway Co.*, 161 Mich. 495 [126 N. W. 830], where a similar question was raised, that it would refuse, in such a proceeding, to try disputed questions of fact upon affidavits, and that the proper practice was to frame an issue by a proper plea. As it appears, however, by an examination of the affidavits filed in this case, that there are no disputed questions of fact raised, we shall proceed to dispose of the question here presented."

If the judgment is void for want of jurisdiction of the defendant, we think the question is properly here. It will be noted that there was no general appearance of the defendant in the case.

It was provided by Act No. 266, Pub. Acts 1911, which was an amendment of Act No. 206, Pub. Acts 1901, under which this defendant qualified to do business in Michigan, as follows:

"The secretary of State shall in the certificate which he issues state under what act such corporation is to carry on business in this State, and such corporation shall have all the powers, rights and privileges and be subject to all the restrictions, requirements and duties granted to or imposed upon corporations organized under such act."

It is the claim of the defendant that it appearing that it had a factory in Michigan, in charge of a resident manager, and was there conducting a local business which was entirely separate and distinct from the business in Wisconsin, and that it had complied with the laws of this State in obtaining from the secretary of State a certificate authorizing it to carry on business in this State, *with all the rights and privileges* of a corporation organized under the provisions of Act No. 232, Pub. Acts 1903 (4 How. Stat. [2d Ed.] § 9460), it was for the purposes of suit and service of process a domestic corporation, with its business in the city of Grand Rapids, and amenable to 'the provisions of the statute relating to service

upon domestic corporations; that, in the case of a domestic corporation, the plaintiff could bring his action in the county wherein he resides, if process could be served there, otherwise he must bring his action where service could be obtained; and that section 10442, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13521), and the amendment thereto (Act No. 3, Pub. Acts 1909), were designed to afford a resident plaintiff greater advantage in an action against a foreign corporation transacting interstate commerce business in the State.

As we understand the argument, it is that the defendant has become in effect a domestic corporation, with a local factory and business at Grand Rapids, and is entitled to the same rights and privileges as a domestic corporation, as it is also subject to all the restrictions, requirements, and liabilities of such corporation.

In *Showen* v. *J. L. Owens Co.*, 158 Mich. 321 (122 N. W. 640, 133 Am. St. Rep. 376), this court said:

"The effect of the statutes regulating the transaction of local business in this State by foreign corporations is to make such corporations, as to such business, domestic corporations organized under the act specified in the certificate of the secretary of State entitled to and subject to the same remedies as such corporations in the courts of this State. We are of the opinion, therefore, that section 10442, 3 Comp. Laws, should be limited in its application to foreign corporations transacting interstate commerce business in this State"—citing *Barrow Steamship Co.* v. *Kane*, 170 U. S. 100, 18 Sup. Ct. 526.

In the *Kane Case* Justice Gray said:

"The constant tendency of judicial decisions in modern times has been in the direction of putting corporations upon the same footing as natural persons in regard to the jurisdiction of suits by or against them."

We are aware that the decision in the *Showen*

*Case* was before the amendment of section 10442, in 1909; but we are of the opinion that since, as well as before, the amendment, its application should be limited to foreign corporations transacting interstate commence business in the State. Such was the holding and application of the statute in *Daniels* v. *Railway Co., supra.* See *Sherrill* v. *Railway Co., supra; Matthews* v. *Mining Co.,* 183 Mich. 541 (150 N. W. 127) ; *International Harvester Co.* v. *Kentucky,* 234 U. S. 579, 34 Sup. Ct. 944.

We are of opinion that the circuit court erred in refusing to grant the motion to quash the service of declaration, and in entering judgment in favor of the plaintiff. It did not obtain jurisdiction of the defendant.

For these errors the judgment of the circuit court is reversed, and the service of process is set aside.

BROOKE, C. J., and McALVAY, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.