REAUME & SILLOWAY, INC., *v.* TETZLAFF.

1. DOMICILE—RESIDENCE.
   In this State the words ''domicile'' and ''residence'' are treated as synonymous.

2. WORDS AND PHRASES—RESIDENCE.
   The term ''residence'' means the place where one resides, an abode, a dwelling or habitation, especially a settled or permanent home or domicile

3. SAME—RESIDENCE.
   The term ''residence'' embraces both fact and intention as there must be the fact of abode and the intention of remaining.

4. PROCESS—HEARING ON MOTION TO QUASH SERVICE—EVIDENCE—AFFIDAVITS.
   While on motion to quash service of process either party may have witnesses heard on the issue involved and the court may require production of witnesses having knowledge of the facts involved and such practice is the proper and wiser one to pursue in case there is an issue as to a jurisdictional fact, where neither the parties nor trial court saw fit to pursue such course and relied on affidavits filed, the Supreme Court will not interfere by mandamus against a finding by the trial court having evidentiary support (3 Comp. Laws 1929, § 14259).

5. SAME—RESIDENCE OF DEFENDANTS—ISSUE OF FACT—JURISDICTION.
   On motion to quash service of process, based on alleged lack of residence of defendants in county where law action was commenced, the trial court had jurisdiction to determine the issue of fact regarding defendants' residence, presented by supporting and counter affidavits.

6. SAME—RESIDENCE—FINDING OF COURT—EVIDENCE—DENIAL OF QUASHAL WITHOUT PREJUDICE—SUBSEQUENT GENERAL APPEAL.
   On appeal in the nature of mandamus from order denying motion to quash service of process, evidence by affidavit supported trial court's determination that defendants' residence was

within county in which service of process had been made, hence such order is not disturbed but the denial is without prejudice to right to appear and plead and, in case of subsequent general appeal, to assign error on such denial (Court Rule No. 18, § 4 [1945]).

Appeal from Wayne; Callender (Sherman D.), J. Submitted April 16, 1946. (Calendar No. 43,276.) Decided June 3, 1946.

Assumpsit by Reaume & Silloway, Incorporated, against Paul J. Tetzlaff and wife for real estate commission. Motion to quash service denied. Defendants review by appeal in the nature of mandamus. Affirmed.

*Schmalzriedt, Frye, Granse & Frye,* for plaintiff.

*Henry E. Rice,* for defendants.

STARR, J. On June 22, 1945, plaintiff corporation, a Detroit real-estate broker, began the present law action in the circuit court for Wayne county to recover a commission on a real-estate transaction. Summons was issued and was served on both defendants in Oakland county on June 27th. In its declaration plaintiff alleged that defendants were residents of Wayne county; that they were the owners of the property located at 6470 Alden drive, West Bloomfield township, Oakland county; that they desired to sell this property and had authorized plaintiff to procure a purchaser; that plaintiff found a purchaser, and that an agreement was executed whereby defendant agreed to sell and the purchaser to purchase the property at a price of $135,000; *that the agreement provided that defendants would give possession on or before May 15, 1945,* and that they would pay plaintiff a commission of $6,750. Plaintiff further alleged that defendants had refused to perform their agreement to sell and that, having

procured a purchaser, it was entitled to the agreed commission.

Defendants appeared specially and filed motion to quash the service of summons on the ground that they were not residents of Wayne county but had been residents of Oakland county since May 1, 1945, and that valid service could not be made upon them in Oakland county under 3 Comp. Laws 1929, § 14090 (Stat. Ann. § 27.757). Plaintiff filed answer to this motion, alleging that defendants were residents of Wayne county at the time suit was begun and summons served. No testimony was taken, the matter being heard upon the motion and answer and supporting affidavits. An order was entered denying the motion, and, having obtained leave, defendants appeal in the nature of mandamus.

Section 14090 cited above provides in part:

"All civil process issued from any court of record may be served anywhere within the State where the party upon whom service is to be made may be found, in the following cases:

"1. When the process is issued out of a court in chancery;

"2. When the process is issued out of a court at law, when the suit is brought in the county where the defendant, or one of the defendants if there be more than one, resides.  *  *  *.

"4.  *  *  *  When a personal transitory action at law is commenced in the county where the plaintiff resides, against a defendant or defendants residing without the county, service of process must be had in the county where the suit is commenced. If such service is had upon one defendant within such county, the remainder of the defendants may be served anywhere in the State."

The sole question presented is whether or not the trial court erred in denying defendants' motion to quash the service of summons. Plaintiff contends

that defendants were both residents of Wayne county, where the suit was begun, and that the service upon them in Oakland county was valid under subsection 2 of the above statute. Defendants contend that they were not residents of Wayne but were residents of Oakland, and that valid service could not be made upon them in that county under subsection 4 of the statute. It is clear that if defendants were residents of Wayne, the service upon them in Oakland was legal, but if they were not residents of Wayne, the service was void. In denying defendants' motion, the trial court apparently determined that they were residents of Wayne county.

In their affidavits in support of their motion to quash, defendants stated that in 1942 they purchased the property in Oakland county for the purpose of establishing a home for aged and convalescent persons and with the intention of making their permanent home at that address. They further stated that they moved their furniture, household goods, and personal belongings to that address and since about May 1, 1945, have been living and sleeping there; that they receive their personal and business mail at that address; that they registered at the ration board as residents of Oakland and procured their automobile licenses in that county. They further said that their *bona fide* residence was in Oakland county and that they had not resided in Wayne county since May 1, 1945.

In its answer and supporting affidavit plaintiff claimed that defendants were residents of Wayne county; that they occupied the premises in Oakland only in connection with their operation of the convalescent home and that their occupancy was temporary in character. It further stated that defendants actually maintained their residence at 1258 Chicago boulevard in the city of Detroit; that they were

listed in the Detroit telephone directory; that defendant Paul Tetzlaff voted at the general election in Detroit on April 2, 1945; and that defendants' allegation of residence in Oakland county was only for the purpose of hindering and delaying the prosecution of the present suit.

The above statute relating to the service of process does not define the meaning of the term "residence." In *Gluc* v. *Klein,* 226 Mich. 175, 178, we said: "In this State, the words 'domicile' and 'residence' are treated as synonymous terms." See, also, *Hartzler* v. *Radeka,* 265 Mich. 451. In considering the meaning of the term "residence" in *Wright* v. *Genesee Circuit Judge,* 117 Mich. 244, we said:

"Residence means the place where one resides; an abode, a dwelling or habitation; especially, a settled or permanent home or domicile. Residence is made up of fact and intention. *There must be the fact of abode, and the intention of remaining.*"

See, also, *Loeser* v. *Jorgenson,* 137 Mich. 220; *Beecher* v. *Common Council of Detroit,* 114 Mich. 228; *Welch* v. *Whelpley,* 62 Mich. 15 (4 Am. St. Rep. 810); *Campbell* v. *White,* 22 Mich. 178; *In re High,* 2 Doug. (Mich.) 515.

In the case of *Clabaugh* v. *Wayne Circuit Judge,* 228 Mich. 207, a motion to set aside the sheriff's return of service of process was heard and determined on supporting affidavits. In denying mandamus to compel the trial court to vacate his order quashing the service, we said (pp. 211, 212):

"When the motion was brought on for hearing in the circuit court both sides stood stubbornly on their technical position as to the burden of proof and neither asked that witnesses be heard on the issue it involved, neither did the court deem it necessary, in order to reach a just conclusion as to the

facts, to require the production of any of the witnesses having knowledge of the facts involved as the law authorizes (3 Comp. Laws 1915, § 12580),* and which as this court has pointed out was the proper practice and wiser course to pursue under similar circumstances. *Sherrill* v. *Railway Co.*, 161 Mich. 495; *Daniels* v. *Railway Co.*, 163 Mich. 468. \* \* \* *If the trial court had discretionary right to decide the question of fact before it upon affidavits, it was for that court, and not this, to judicially determine whether the falsity of the return had been established to its satisfaction by a convincing preponderance of the proofs so presented. Either of the parties to the litigation was entitled to have testimony taken on that issue if requested and the court had a right in its discretion to so order if deemed necessary to reach a just conclusion as to such fact. None of them saw fit to pursue that course.* \* \* \*

"If the trial court had jurisdiction to decide it on affidavit this court will not interfere by mandamus against the finding of that court, which had before it evidential support by affidavit of the motion it granted."

In the present case the parties did not present testimony in support of their respective contentions as to defendants' place of residence. The trial court had authority to determine the issue of fact regarding residence, and in the exercise of its discretion it apparently did not deem the taking of testimony necessary to this determination. *Clabaugh* v. *Wayne Circuit Judge, supra.* It should be kept in mind that defendants claimed the premises in West Bloomfield township, Oakland county, as their permanent residence after May 1, 1945, despite the fact that they had agreed to sell this property and to give possession thereof on or before May 15, 1945. This agreement to give possession clearly negatives their con-

---

* See 3 Comp. Laws 1929, § 14259 (Stat. Ann. § 27.988).

tention that they intended to make these premises their permanent residence.

In reviewing the trial court's order denying defendants' motion to quash the service of summons, we must consider Court Rule No. 18, § 4 (1945), which provides:

"A defendant may, within the time for appearing, file a motion to quash the service of the process, on the ground that such service was invalid. Said motion may be supported by affidavits. Every denial of a motion to quash the service of process shall be without prejudice, whereupon the defendant shall have the right to appear generally and plead, and upon general appeal assign error on the trial court's denial of said motion."

Under this rule the trial court's denial of defendants' motion to quash was without prejudice to their right to appear and plead, and, in case of a subsequent general appeal, they could assign error on the court's denial of their motion.

We conclude that there was evidence by affidavit supporting the trial court's determination that defendants were residents of Wayne county. Under the facts shown by the record we should not interfere with the court's order denying their motion to quash the service of summons. *Clabaugh* v. *Wayne Circuit Judge, supra*. The authorities cited by defendants do not sustain their contentions. Other questions presented do not require determination.

The order denying the motion to quash is affirmed. Defendants shall have 15 days after this opinion is filed within which to plead to or answer plaintiff's declaration. Plaintiff may recover costs of both courts.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, and NORTH, JJ., concurred. BUSHNELL, J., took no part in the decision of this case.